```
              UNITED STATES DISTRICT COURT
               MIDDLE DISTRICT OF FLORIDA
                     TAMPA DIVISION
```

CARLA L. RUSHING,

    Plaintiff,

v.                         CASE NO: 8:11-cv-685-T-33TBM

LAILA DARBY and
HERBERT HERNANDEZ,

    Defendants.
_____/

## ORDER

This cause comes before the Court pursuant to Defendants' Motion to Enforce Settlement (Doc. # 40) filed September 4, 2012. For the reasons stated at the hearing held on September 12, 2012, and for the reasons stated herein, the Motion is granted.

## I. Background

Plaintiff originally filed this action based on her "improper termination from the Section 8 Housing Choice Voucher Program," (Doc. # 1 at 1), seeking to "enjoin Defendants to reinstate, in good standing, Plaintiff's Section 8 eligibility." (Id. at 3).

Plaintiff and her family were participants in the Section 8 Housing Choice Voucher Program with the Lakeland Housing Authority from April 1, 2006, to March 31, 2007. (Id. at 5).

Plaintiff received a letter from the Housing Authority dated December 19, 2006, "informing her that it was time to begin her annual reexamination of her family's income and composition." Id. The letter further stated that Plaintiff must return an Annual Certification Packet by January 17, 2007, and that failure to meet this deadline could result in Plaintiff's termination from the program. Id.

Plaintiff completed and returned the packet prior to the deadline; however, the Housing Authority informed Plaintiff that she had failed to provide her son's juvenile records, and that Plaintiff must provide the records in order to complete the annual reexamination. (Id. at 6). Plaintiff subsequently received a letter dated January 17, 2007, from Defendant Darby, occupancy manager of Section 8 housing for the Lakeland Housing Authority, stating that Plaintiff's termination from the Section 8 program would be effective at midnight on March 31, 2007. Id. The reason stated for termination was "failure to return your Annual Certification Packet for recertification month: 04/01/07." Id. When Plaintiff contacted her Housing Authority case worker about completing her reexamination packet, Plaintiff was again informed that she would need to present her son's juvenile record. (Id. at 7). At that point, Plaintiff was "very far along in her pregnancy" and

2

"had limited transportation to get to Bartow to obtain the additional documents." Id.

Ultimately, after Plaintiff failed to produce her son's juvenile record for her Housing Authority case worker, Defendant Darby told Plaintiff that the Housing Authority "did not have to hold an informal hearing, despite Plaintiff's oral request, that [the Housing Authority] could do nothing further to assist Plaintiff, and that the only thing Defendant Darby could recommend to Plaintiff was to call back in a month or so to reapply for the program so that she could get back on a waiting list." Id. After her termination, Plaintiff vacated her residence in November of 2007, and "began a period of homelessness that ended in September 2008." (Id. at 8). Plaintiff alleged in her Complaint that Defendants did not provide an adequate statement of reasons for Plaintiff's termination, thereby violating Plaintiff's procedural due process rights. Id.

Defendants' Answer asserted that the Lakeland Housing authority "is authorized to investigate whether members of the family are involved in any fraud, bribery, or . . . other criminal activity that threatens the health, safety, or right for peaceful enjoyment of other residents and persons residing in the immediate vicinity of the premises." (Doc. # 6 at 6).

3

The Mediator's Report was filed on January 31, 2012, indicating "the conflict has been completely resolved." (Doc. # 24 at 1). However, after the 60-day Order was filed dismissing the case on the basis of the Mediator's Report, Ms. Rushing "attempt[ed] to have ex parte communications with the Court on numerous occasions," which led to the Court's granting Plaintiff's counsel's Motion to Withdraw (Doc. # 37 at 1). On August 30, 2012, Plaintiff filed her "Notice of Intent to Appeal Pro Se." (Doc. # 39).

On September 4, 2012, Defendants filed a Motion to Enforce Settlement, requesting the Court to enforce the settlement reached with Plaintiff in January of 2012. (Doc. # 40 at 1). Defendants argue that Plaintiff is now "enjoy[ing] the fruits of her settlement, the reinstatement of her Section 8 eligibility, but refuse[s] to do the deed of dismissing her lawsuit." Id. Defendants claim that "the settlement terms were sufficiently clear: the reinstatement of Plaintiff's Section 8 eligibility, as requested in the Complaint, in exchange for a dismissal with prejudice." (Id. at 3).

**II. Discussion**

> In Florida, settlement agreements are favored as an efficient way to settle disputes and as a means to conserve judicial resources. Courts will

4

> enforce them when it is possible to do so. Settlement agreements in Florida are interpreted and governed by the law of contracts. The party seeking to enforce a settlement agreement bears the burden of showing the opposing party assented to the terms of the agreement. To compel enforcement of a settlement agreement, its terms must be sufficiently specific and mutually agreed upon as to every essential element . . . . A trial court's finding that there was a meeting of the minds between the parties must be supported by competent substantial evidence.

BP Prod. N. Am., Inc., v. Oakridge at Winegard, Inc., 469 F. Supp. 2d 1128, 1133 (M.D. Fla. 2007) (internal citations omitted). In this case, the Mediation Report indicates that the conflict between the parties was fully resolved at the conference held on January 26, 2012 (Doc. # 24). Additionally, Defendants' description of the fundamental settlement agreement—an exchange of Defendants' reinstatement of Plaintiff's Section 8 eligibility for Plaintiff's agreement to dismiss this case with prejudice—indicates that the terms of the settlement were sufficiently specific that Plaintiff should have understood her obligation to dismiss this action.

Additionally, even if Plaintiff were to insist that she did not consent to the settlement reached during the mediation conference, Defendants' reinstatement of Plaintiff's Section 8 eligibility has rendered purposeless the rescheduling of Plaintiff's action for trial. Apart from requesting the Court

5

to "[d]eclare that Defendants have violated 42 U.S.C. § 1983," the Plaintiff's Prayer for Relief asks only that the Court "[e]njoin the Defendants to reinstate, forthwith, Plaintiff's Section 8 eligibility." (Doc. # 9 at 9). Because Plaintiff has already received reinstatement of her Section 8 eligibility, and because Defendants clearly anticipated that this reinstatement would induce dismissal of this action, the Court grants Defendants' Motion to Enforce Settlement.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

Defendants' Motion to Enforce Settlement (Doc. # 40) is **GRANTED**. This matter is dismissed with prejudice. The Clerk is directed to close the case.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 12th day of September, 2012.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:

All Counsel of Record